LYONS, JUDGE:
Claimant Fisher and claimant Hiddemen filed their respective claims to recover the value of their mechanic’s tools stolen from respondent’s shop at Chelyan, West Virginia. The claims were consolidated at the hearing as the theft of the tools occurred in the same incident.
Claimant Fisher testified that he and claimant Hiddemen were required by the respondent to provide their own mechanic’s tools as a condition to their employment. Both claimants kept the tools in a padlocked cabinet located in the office adjacent to the shop. The shop and office were separated by a door which was also padlocked. The shop itself had three metal garage doors which were secured with chains. There was also an entry door to the shop which was locked with a padlock. As lead mechanic, claimant Fisher was responsible for securing the shop each evening. The shop is located inside a chain-link *263 fenced area which contains other buildings belonging to respondent and also an independent company. Therefore, the main gate to the area is not kept locked at night.
Claimant Fisher further testified that on the evening of October 18, 1984, he left the shop with all of the locks secured as well as the garage doors secured with chains. When he arrived at work the following morning, he noticed that the padlock was missing from the entrance door to the shop. He found the lock on the ground. Apparently, the lock had been cut with bolt cutters. Inside the building the padlocks on the inside door to the office and on the tool cabinet had also been cut. His tool box and tools were gone as were several tools belonging to claimant Hiddeman. He reported the theft to his superiors and also to the Department of Public Safety. To this date there has been no apprehension of the individual(s) responsible for the theft, nor a recovery of the tools.
James B. Dingess, maintenance supervisor for respondent, testified that mechanics employed by respondent are required to provide their own tools. Claimants, as mechanics for respondent, are considered on duty to perform maintenance on respondent’s vehicles twenty-four hours a day. Claimants were not required to keep their tools at the shop but could transport the tools to and from their place of work as they chose.
Jack E. Boyer, Sr., a maintenance crew leader for respondent at the Chelyan facility, testified that he had requested better locks and a protection device for the locks several times prior to the theft of claimants’ tools. His request were not acted upon by his superiors.
In the opinion of the Court, respondent was negligent in failing to provide a more secure locking system for the shop. See White v. Dept. of Highways, 15 Ct.Cl. (1984) and Hall v. Dept. of Highways, 14 Ct.Cl. 58 (1981).
Claimant Fisher estimated the replacement value of his tools at $2,752.95 and claimant Hiddemen placed a replacement value of $167.50 on his tools. The tools had been purchased over a five to ten year period by the claimants, and the Court depreciates the value of the tools by ten percent and makes an award to claimant Fisher in the amount of $2,477.65 and to claimant Hiddemen in the amount of $150.75.
Award of $2,477.65 to Richard R. Fisher.
Award of $150.75 to Thomas J. Hiddemen, Jr.